# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LIFT MEDIA, LLC** <br> Plaintiff, <br><br> v. <br><br> **JOSHUA HOHWEILER, GREATER THAN GATSBY, LLC and DOES 1-10.** <br> Defendants. | § § § § § § § § § | Civil Action File No. <br> 1:14-CV-3470-ODE |
| **JOSHUA HOHWEILER, GREATER THAN GATSBY, LLC** <br> Counterclaimants <br><br> v. <br><br> **LIFT MEDIA, LLC** <br> Counterdefendant. | § § § § § § § § § | |
| **JOSHUA HOHWEILER, GREATER THAN GATSBY, LLC** <br> Third-Party Plaintiffs <br><br> v. <br><br> **LIFT MEDIA, LLC** <br> Third-Party Defendant. | § § § § § § § § § | |

## FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, MISAPPROPRIATION OF TRADE SECRETS, AND RELATED CLAIMS

Comes Now, Lift Media, LLC, Plaintiff in the above styled action by and through its attorney of record, Odis Williams, Esq., of the Law Office of Odis Williams, P.C. and files this its amended Complaint and shows this Honorable Court as follows:

## SUMMARY OF ACTION

1.

Plaintiff brings this action for declaratory judgment of copyright ownership, federal copyright infringement, misappropriation of trade secrets, violation of the Georgia Unfair and Deceptive Trade Practices Act, violation of the Georgia Trade Secrets Act, and violations of Georgia common law.

## PARTIES

2.

Plaintiff is a Georgia limited liability company with its principal place of business at 996 Huff Rd. NW, Suite D, Atlanta, Georgia 30318.

3.

Defendant Joshua Hohweiler ("Defendant Hohweiler") is an individual with his principal place of business at 1729 Allende Court, Plano, Texas 75074.

4.

Defendant Greater Than Gatsby, LLC ("Defendant Gatsby") is a Texas limited liability company with its principal place of business at 1729 Allende Court, Plano, Texas 75074.

5.

Defendant Does 1 through 10 are sued herein in fictitious names because the true names and capacities of said Defendants are not now known by Plaintiff who will ask for leave of this Court to amend this Complaint when they are ascertained.

## JURISDICTION AND VENUE

6.

This is a civil action seeking declaratory judgment of Plaintiff's copyright ownership and damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

7.

This action also arises under the laws of the State of Georgia, with damages sought pursuant to state law.

8.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), and 1367(a).

9.

Further, this Court has subject matter jurisdiction because an actual controversy exists regarding copyright ownership as pleaded in this First Amended Complaint, specifically, that there is a substantial controversy regarding the ownership of copyrights that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, as evidenced by Defendants' demands for possession of Plaintiff's copyrighted material and the pleadings claiming ownership of the Works.

10.

This Court has personal jurisdiction over Defendants by virtue of Defendants' purposeful contact with this judicial district, including: (i) the solicitation of Plaintiff within this district; (ii) the conduct of substantial business with customers residing in this district; and (iii) contracting with Plaintiff as an entity incorporated under the laws of the State of Georgia with its principal place of business located in this district.

11.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

12.

Plaintiff is the sole author and owner of an extensive, integrated, e-commerce website and platform upon which Plaintiff develops, operates, manages, and markets

proprietary and third-party websites that engage in the marketing, distribution, and sale of consumer goods and services (the "Platform").

13.

Plaintiff has solely developed and deploys in connection with the Platform certain search engine optimization techniques and technologies, social media marketing techniques and technologies, email marketing techniques and technologies, lead generation techniques and technologies, customer relationship management, customer remarketing, website and e-mail trade dress, and related trade secrets that are proprietary to Plaintiff (the "Trade Secrets").

14.

Defendant Hohweiler is the Manager of Defendant Gatsby, the registered owner of the domain name "www.greaterthangatsby.com" (the "Domain Name") and the service mark "Greater Than Gatsby" (the "Mark"), and the owner of certain action, overlay, and preset tools for the manipulation of digital photographic imagery using Adobe Photoshop™ (the "Products").

15.

Prior to on or about September 27, 2013, Defendant Gatsby was the exclusive distributor of the Products for the purpose of making the Products available for sale to consumers.

16.

On or about September 27, 2013 (the "Effective Date"), Plaintiff and Defendant Gatsby entered into an oral contract (the "Agreement") whereby Plaintiff agreed to provide various e-commerce consulting services in connection with the sale of the Products marketed pursuant to the Domain Name and Mark.

17.

Between on or about September 27, 2013 through on or about November 8, 2013, Plaintiff solely designed, coded, created the trade dress for, and integrated the Platform into a new website (the "New Website").

18.

On or about November 8, 2013 (the "Launch Date"), Defendant Gatsby directed the Domain Name to the New Website and the New Website was launched for the purpose of selling the Products.

19.

Since the Launch Date through and including June 5, 2015, Plaintiff has continually operated the New Website.

20.

Since the Launch Date through and including June 5, 2015, Plaintiff has employed the Trade Secrets as an integral part of the e-commerce consulting services.

21.

Since the Launch Date through and including June 5, 2015, Defendants have had access to a portion of the Trade Secrets, the Platform, the New Website, and attendant intellectual property.

22.

Since on or about the Launch Date through on or about April 30, 2015, Plaintiff has invoiced Defendant Gatsby for "e-commerce consulting services" on a monthly basis and been compensated in the amount of twenty percent (20%) of all monthly gross revenues derived from the New Website, less direct internet marketing expenses and payment processing fees.

23.

On October 23, 2014, Defendant Hohweiler, individually and as Manager of Defendant Gatsby, informed Plaintiff via telephone conversation that: (i) beginning November 1, 2014, Defendant Gatsby would no longer pay Plaintiff its aliquot share

of the monthly gross revenues for e-commerce consulting services pursuant to the Agreement, and (ii) if Plaintiff did not surrender the Platform and New Website to Defendant Gatsby within twenty-four (24) hours, Defendant Gatsby would file a lawsuit against Plaintiff.

24.

On October 24, 2014, legal counsel to Defendant Gatsby, Charles A. Moster, Esq., sent a letter to Plaintiff via e-mail stating, *inter alia*, that the Agreement conveyed the New Website to Defendant Gatsby, Plaintiff's refusal to surrender the Platform and New Website constituted a breach of contract, and Defendant Gatsby was entitled to disgorgement of not less than $262,301.63.

25.

On or about November 17, 2014, Plaintiff was issued U.S. Copyright Registration Number TX 7-940-849, embodying substantially all of the Platform and New Website (the "Copyright").

26.

As a result of Defendants' oral and written notices demanding conveyance of the New Website, an actual and justiciable controversy previously existed between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201 confirming, *inter alia*, that Plaintiff is the sole owner of the Copyright.

27.

As acknowledged in various filings in the Georgia Case and the Texas Case, the parties have resolved that (i) Georgia law applies to this action, (ii) the Platform and New Website are wholly owned by Plaintiff, and (iii) the nature of the Agreement is that of an at-will, oral consulting agreement between Plaintiff and Defendant Gatsby for the provision of e-commerce consulting services, whereby Plaintiff's prior claim for declaratory relief is moot.

28.

Plaintiff has engaged in numerous efforts to resolve the instant litigation and establish a reasonable compensation arrangement to authorize Defendant Gatsby's use of the Trade Secrets, the Platform, the New Website, the Copyright, and the attendant intellectual property owned by Plaintiff, which have been flatly rejected by Defendants without any counteroffers.

29.

On or about June 5, 2015, Plaintiff delivered unto Defendants a Settlement Offer, Notice of Termination of E-Commerce Consulting Services, Notice of Copyright Infringement, and Cease and Desist letter concerning Plaintiff's Copyright and attendant intellectual property, which required Defendant Gatsby to either license said intellectual property from Plaintiff and execute a written independent contractor agreement for the provision of e-commerce consulting services or terminate all use of said intellectual property.

30.

As of June 5, 2015, Plaintiff has not terminated Defendant Gatsby's use of the Copyright and attendant intellectual property in a good faith effort to temporarily mitigate all parties' damages, but Plaintiff has undertaken no obligation to permit such adverse use and infringement for any duration.

31.

From the Launch Date through and including May 31, 2015, Defendant Gatsby has earned gross revenues from the New Website totaling approximately $4,229,477.92.

32.

From the Launch Date through and including May 31, 2015, Plaintiff has been paid e-commerce consulting fees of only $595,251.29, or 14.07% of the gross revenues from the New Website, for Defendant Gatsby's use of the Trade Secrets and Consulting Services.

33.

Defendant Gatsby has never paid a royalty or other licensing fee to Plaintiff for use of the Platform, New Website, Copyright, or attendant intellectual property owned by Plaintiff.

## **FIRST CAUSE OF ACTION**

*Declaratory Judgment of Copyright Ownership*

34.

Plaintiffs repeat and re-allege each and every allegation set forth above as if set forth fully herein.

35.

An actual and present justiciable controversy requiring declaratory relief exists as to whether Plaintiff or Defendants are the owner of the Copyright.

36.

Defendants are not the owner of the Copyright, including the Platform, the New Website, and any other works authored by Plaintiff.

37.

Plaintiff does not violate any of Defendants' rights by retaining sole ownership over the Copyright, including the Platform, the New Website, and any other works authored by Plaintiff.

38.

Plaintiff is the sole author and owner of all 17 U.S.C. § 106 rights in the Copyright.

39.

Defendants made no independent contributions to the Copyright.

40.

Plaintiff's authorship of the Copyright was done independent of Defendants, Plaintiff was not an employee of Defendants, and the Copyright was not a "work made for hire" under the Copyright Act.

41.

Plaintiff is entitled to a declaratory judgment against Defendant as set forth above pursuant to the Copyright Act, 17 U.S.C. § 101 and the Constitution of the United States.

## **SECOND CAUSE OF ACTION**

*Copyright Infringement*

42.

Plaintiffs repeat and re-allege each and every allegation set forth above as if set forth fully herein.

43.

Defendant Gatsby used, distributed, displayed, or reproduced Plaintiff's Copyright and attendant intellectual property from on or about November 8, 2013 through and including June 5, 2015, and earned gross revenues in excess of $4,000,000.00.

44.

Plaintiff has never entered into a license for Defendant Gatsby's use, distribution, display, or reproduction of Plaintiff's Copyright and attendant intellectual property.

45.

Plaintiff has never been paid for Defendant Gatsby's use, distribution, display, or reproduction of Plaintiff's Copyright and attendant intellectual property.

46.

Defendant Gatsby's use, distribution, display, or reproduction of Plaintiff's Copyright and attendant intellectual property has been knowingly and intentionally adverse.

47.

Defendant Gatsby has not acted reasonably or in good faith in response to Plaintiff's notices of adverse use or infringement.

48.

Defendant Gatsby's acts of adverse use and infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's 17 U.S.C. § 106 rights.

49.

As a direct and proximate result of Defendant Gatsby's adverse use and infringements of Plaintiff's Work and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant Gatsby's profits pursuant to 17 U.S.C. § 504(b) for each such use and infringement.

50.

Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each infringement, or such other amounts as may be proper under 17 U.S.C. § 504(c).

51.

Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

52.

Defendant Gatsby's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further contributory infringements of Plaintiff's Work.

## **THIRD CAUSE OF ACTION**

*Misappropriation of Trade Secrets*

53.

Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

54.

This is a claim for the misappropriation of trade secrets in violation of the Georgia Trade Secret Act.

55.

The aforementioned Trade Secrets are legally protected under Georgia law as trade secrets. Plaintiff derives independent economic value from the Trade Secrets not being generally known by other persons or companies who can obtain economic value from its disclosure or use, and is the subject of reasonable efforts to maintain its secrecy.

56.

Defendants have had access to the Trade Secrets, solely and exclusively for the purpose of marketing the Products on the New Website in exchange for Plaintiff's receipt of e-commerce consulting services fees. Defendants, under the circumstances, have had, and continue to have, a duty to maintain the secrecy and to limit the exclusive use of Plaintiff's Trade Secrets so as not to be used to the exclusion of Plaintiff or without Plaintiff's express permission.

57.

Defendants, however, have threatened to misappropriate the Trade Secrets to the exclusion of Plaintiff.

58.

Defendants' should be enjoined from misappropriating Plaintiff's Trade Secrets.

59.

As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged in an amount not yet precisely ascertainable but including the loss of e-commerce consulting services fees and damage to Plaintiff's reputation and goodwill.

60.

Plaintiff is entitled to recover its "actual loss caused by the misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss" within the meaning of O.C.G.A. § 10-1-763(a).

61.

Plaintiff is entitled to recover exemplary damages from Defendants pursuant to O.C.G.A. § 10-1-763(b) because willful and malicious appropriation has occurred.

62.

Plaintiff is entitled to recover its attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-764.

## **FOURTH CAUSE OF ACTION**

*Unjust Enrichment*

63.

Plaintiffs repeat and re-allege each and every allegation set forth above as if set forth fully herein.

64.

Plaintiff is and always has been the sole and exclusive owner and rights holder of the New Website, including, but not limited to the New Website trade dress, the Platform, the Copyright, and all attendant intellectual property.

65.

Defendant Gatsby has earned gross revenues in excess of $4,229,477.92 from Product sales through the New Website, including, but not limited from the New Website trade dress, the Platform, the Copyright, and all attendant intellectual property.

66.

Defendant Gatsby has an obligation to pay Plaintiff for its use of the New Website, including, but not limited to the New Website trade dress, the Platform, the Copyright, and all attendant intellectual property.

67.

Defendant Gatsby has never compensated Plaintiff for its use of the New Website, including, but not limited to the New Website trade dress, the Platform, the Copyright, and all attendant intellectual property.

68.

But for Defendant Gatsby's use of the New Website, including, but not limited to the New Website trade dress, the Platform, the Copyright, and all attendant intellectual property, Defendant Gatsby would not have earned substantially all of the $4,229,477.92 in gross revenues it earned from such uncompensated use.

69.

All of the benefits of Defendant Gatsby's use of the New Website, including, but not limited to the New Website trade dress, the Platform, the Copyright, and all attendant intellectual property, were intentionally appreciated, accepted, and retained by Defendant Gatsby, and under the foregoing circumstances it would be inequitable for Defendant Gatsby to retain the benefit without payment of the value thereof to Plaintiff.

70.

As a consequence of Defendant Gatsby's conduct, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and is entitled to recover all reasonable and necessary attorneys' fees and costs incurred in this action.

## FIFTH CAUSE OF ACTION

*Abuse of Process*

71.

Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

72.

Each of Defendant Gatsby and Defendant Hohweiler had ulterior purposes and improper motives for filing Defendant Gatsby's complaint, amended complaint, motions, and oppositions against Plaintiff in the Texas Case, including, but not limited to, intentionally threatening the professional reputation of Plaintiff and attempting to extort ownership of the Trade Secrets, the New Website, the Platform, the Copyright, and all attendant intellectual property, under the threat of litigation that Defendants believed would financially break Plaintiff.

73.

Each of Defendant Gatsby and Defendant Hohweiler willfully misused legal process outside the regular conduct of litigation by, among other things: (i) filing a complaint in the Texas Case against Plaintiff that intentionally misrepresented the ownership of the Trade Secrets, the New Website, the Platform, the Copyright, and all attendant intellectual property; (ii) filing an amended complaint against Plaintiff in the Texas Case that conformed to the foregoing misrepresentations; (iii) filing a motion for sanctions against Plaintiff in the Georgia Case based upon alleged misrepresentations by Plaintiff that Defendants now concede to be true; (iv) dismissing the Texas Case for the purpose of forum shopping and utilizing Georgia's joint venture laws; and (v) grossly fictionalizing any hypothetical damages that could be assessed against Plaintiff in each of the complaint and amended complaint in the Texas Case, as well as in the Counterclaim in the Georgia Case (collectively, the "<u>Improper Process</u>").

74.

Each of Defendant Gatsby and Defendant Hohweiler was aware at the time of filing the Improper Process that Plaintiff had not engaged in any conduct that could have caused any damages because, *inter alia*, the subject damages were and are wholly speculative and have not in fact occurred, much less as a result or proximate cause of any action or inaction by Plaintiff.

75.

Each of Defendant Gatsby and Defendant Hohweiler are improperly and substantially compounding their alleged damages, including for attorneys' fees, by dragging out litigation and filing the Improper Process.

76.

As a consequence of Defendant Gatsby's and Defendant Hohweiler's conduct, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and is entitled to recover its reasonable and necessary attorneys' fees and costs incurred in this action.

77.

Each of Defendant Gatsby and Defendant Hohweiler acted with malice by willfully and intentionally injuring and damaging Plaintiff in the prosecution of the Georgia Case and Texas Case, with reckless disregard of the possible consequences and without justification or excuse; and, as a consequence, Plaintiff is entitled to an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

*Alter Ego*

78.

Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth fully herein.

79.

At all times mentioned herein, Defendant Hohweiler has been the sole manager and member of Defendant Gatsby and the sole natural person having a financial interest therein.

80.

At all times mentioned herein, Defendant Hohweiler has dominated, influenced, and controlled, and does now dominate, influence, and control, Defendant Gatsby.

81.

At all times mentioned herein, there does now exist a unity of interest between Defendant Hohweiler and Defendant Gatsby, the individuality and separateness of each Defendant has ceased, and adherence to the fiction of Defendants' separate existence would, under the circumstances, sanction a fraud and promote injustice.

82.

At all times herein mentioned, Defendant Gatsby has been a mere shell and naked framework by which Defendant Hohweiler has used and still uses as a conduit for the conduct of his personal business and affairs, and by virtue of the foregoing, Defendant Gatsby constitutes an alter ego of Defendant Hohweiler.

83.

Defendant Gatsby was formed for the sole purpose of facilitating the acts giving rise to each cause of action set forth herein.

84.

All damages and other relief assessed and awarded herein for all acts of Defendant Gatsby are attributable to the natural person Defendant Hohweiler, jointly and severally.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as follows:

- **A.** For a judicial determination and order that Plaintiff legally possess the exclusive 17 U.S.C. § 106 rights to the Copyright under the Copyright Act, 17 U.S.C. § 101 et seq as identified in this First Amended Complaint.

B. For entry of judgment against Defendants for all damages to which Plaintiffs may be entitled, including Defendants' profits and for damages in an amount as may be proven at trial. Alternatively, at Plaintiff's election, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this action, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

C. For a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights, trade secrets, or other exclusive rights (whether now in existence or hereafter created), including without limitation, the Platform, New Website, Copyright, Trade Secrets, and any attendant intellectual property, and (b) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiff's respective copyrights, trade secrets, or other exclusive rights (whether now in existence or hereafter created), including without limitation, the Platform, New Website, Copyright, Trade Secrets, and any attendant intellectual property;

D. For punitive and exemplary damages for Defendants' willful and malicious misconduct;

E. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand trial by jury of all issues triable by right of jury.

F. For prejudgment and post-judgment interest according to law;

G. For Plaintiff's attorneys' fees, and full costs and disbursements in this action; and

H. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted;

    This 5th day of June, 2015.

                                  The Law Office of Odis Williams, P.C.

                                  /s/ Odis Williams

                                  _____
                                  Odis William Williams II
                                  Georgia Bar No.: 556272
                                  *Attorney for the Plaintiff*

1640 Powers Ferry Road SE
Building 20, Suite 300
Marietta, GA 30067
Phone: 770.575.4466
Fax: 877.329.8359
owilliams@odiswilliamspc.com

# CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b), I hereby certify that, on the date where undersigned, I caused the foregoing document to be served on all parties to this action by:

  __X_ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail;
  ____ personal delivery;
  ____ facsimile (fax);
  ____ Federal Express, UPS, or other overnight delivery;
  __X_ E-File;

fully addressed to each recipient as follows:

  Jennifer Kurle
  KurleLaw, LLC
  309 Sycamore St.
  Decatur, GA 30030
  Phone: 404-458-4080

  Charles A. Moster, Esq.
  Moster Law Firm
  4920 S. Loop 289, Ste. 102
  Lubbock, TX 79414
  Ph: (806) 778-6486
  Fx: (866) 302-7046

Respectfully Submitted;

  This 5th day of June, 2015.

      The Law Office of Odis Williams, P.C.

      /s/ Odis Williams

      _____
      Odis William Williams II
      Georgia Bar No.: 556272
      *Attorney for the Plaintiff*

1640 Powers Ferry Road SE
Building 20, Suite 300
Marietta, GA 30067
Phone: 770.575.4466
Fax: 877.329.8359
owilliams@odiswilliamspc.com