## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LIFT MEDIA, LLC** | § | **Civil Action No.** |
| **Plaintiff,** | § | **1:14-CV-3470-0DE** |
| v. | § | |
| **JOSHUA HOHWEILER, GREATER** | § | |
| **THAN GATSBY, LLC and DOES 1-10.** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |
| **JOSHUA HOHWEILER, GREATER** | § | |
| **THAN GATSBY, LLC** | § | |
| **Counterclaimants** | § | |
| v. | § | |
| **LIFT MEDIA, LLC** | § | |
| **Counterdefendant.** | § | |
| | § | |
| | § | |
| | § | |
| **JOSHUA HOHWEILER, GREATER** | § | |
| **THAN GATSBY, LLC** | § | |
| **Third-Party Plaintiffs** | § | |
| v. | § | |
| **ROBERT HASH  and ANDREW** | § | |
| **EGENES** | § | |
| **Third-Party Defendants.** | § | |
| | § | |

## MOTION TO DISMISS

Plaintiff/Counter defendant Lift Media LLC ("Plaintiff" or "Lift") and

Third-Party Defendant Andrew Egenes ("Egenes"), by and through the

undersigned counsel, respectfully move this Honorable Court pursuant to FRCP

12(b)(6) for an Order to dismiss certain purported claims and allegations by Defendant Greater Than Gatsby LLC ("GTG") and Joshua Hohweiler ("Hohweiler") in their First Amended Counterclaim and Third-Party Complaint on file herein,

## I.    INTRODUCTION

This case arises from an oral agreement entered into by Lift to provide e-commerce consulting services to GTG.  The agreement allowed GTG to access and use proprietary intellectual property relating to Lift's e-commerce platform.  Lift claims that GTG terminated the agreement and now continues to use Lift's intellectual property in an infringing manner.

As a recurring theme throughout this litigation, GTG and Hohweiler have repeatedly convoluted the parties to and theories of their case, having now proposed at least four (4) different versions of their claims in two different courts. Furthermore, the most recent iteration of their claims introduces new direct liability and alter ego theories against Robert Hash, Jr. ("Hash") who was intentionally omitted from this litigation by GTG and Hohweiler since its commencement.  The addition of Mr. Hash at this point is not the result of any discovery and is in bad faith.  Furthermore, the notion that Hohweiler personally has any cause of action against any party to this case is patently absurd, unless he is arguing that he is in fact the alter ego of GTG.

This fourth version of GTG and Hohweiler's claims intentionally and impermissibly interposes Lift with Egenes and Hash as the contracting and breaching parties for the sole purpose of naming them personally in this case, which invalidates their breach of contract claim.  In addition, their misrepresentation, fraud, and fraud in the inducement claims completely fail to allege any requisite particularity, and their alter ego alleges nothing more than the conclusory elements of the claim.  Finally, their damages claims are either inconsistent or unavailable based upon their pleadings.

It should be apparent to the Court at this point that it is the sole intent of GTG and Hohweiler to prolong this case and continue to make millions of dollars by infringing upon Lift's copyrights.  On best information and belief, GTG and Hohweiler earned profits of more than $500,000 during this past holiday week alone.  GTG's tortious misdeeds are real, continuous, and are to the profound daily detriment of Lift.  Lift is entitled to substantial relief.

## II.   PROCEDURAL HISTORY

On October 28, 2014, the parties filed two complaints in different United States District Courts:  GTG filed a complaint against Lift in the Northern District of Texas (the "Texas Case"), and Lift filed this action in the Northern District of Georgia.

On November 26, 2014, in lieu of filing an Answer in the instant case. Defendants filed a consolidated motion to abate, motion to dismiss, motion to consolidate cases, and motion to transfer venue (the "Consolidated Motion") [Doc. 6]. Defendants sought to dismiss this case in its entirety or, in the alternative, to transfer the case to the Northern District of Texas. The motion was fully briefed by the parties [see Docs. 8, 9].

On or about May 15, 2 015, GTG moved in the Northern District of Texas to voluntarily dismiss the Texas Case. The Texas Case was terminated on or around that date.

Also on May 15, 2015, GTG and Hohweiler withdrew their Consolidated Motion in this case and filed an Answer, a Counterclaim, a Third-Party Complaint, and a Motion for Partial Summary Judgment [Doc. 24]. Lift responded to Defendants' Motion for Partial Summary Judgment and, additionally, moved for leave to file an amended complaint [Doc. 28]. On June 18, 2015, Defendants withdrew their Motion for Partial Summary Judgment [see Doc. 32].

The Court granted Lift leave to amend its complaint on June 22, 2015 [Doc. 33], and Lift filed its First Amended Complaint that same day [Doc. 35]. The six-count First Amended Complaint asserted claims for: (1) declaratory judgment (Count I); (2) copyright infringement (Count II); (3) misappropriation of trade

secrets (Count III); (4) unjust enrichment (Count IV); (5) abuse of process (Count V); and (6) alter ego (Count VI).

Defendants moved to dismiss the First Amended Complaint on June 23, 2015 [Doc. 34]. Lift responded to the motion [Doc. 36], and Defendants filed a reply [Doc. 37].  Defendants' Motion to Dismiss was granted as to Counts III, V, and VI, which claims were dismissed, and the Motion was denied as to Counts I, II, and IV [Doc. 38].  ***Notably, the Court dismissed Plaintiff's alter ego claim against Defendant Hohweiler.***

Defendants answered the First Amended Complaint on August 28, 2015 [Doc. 40], and filed a motion to amend their Counterclaim and Third-Party Complaint on October 22, 2015 [Doc. 42], which was unopposed by Plaintiffs [Doc. 45].  On November 19, 2015, Defendants' motion was granted [Doc. 46], and their First Amended Counterclaim and Third-Party Complaint was entered as of November 20, 2015 [Doc. 47].

Third-Party Defendant Robert Hash, Jr. has not been served with the First Amended Counterclaim and Third-Party Complaint.  An answer or other responsive pleading by Plaintiff Lift and Third-Party Defendant Egenes is due by December 11, 2015.

## III.   DISCUSSION

Lift, Egenes, and Hash urge the Court to dismiss portions of the First Amended Counterclaim and Third-Party Complaint pursuant to Rule 12(b)(6) on the grounds that part of Count I and the entirety of Counts II-V fail to state a claim upon which relief can be granted, and certain of the alleged damages are not permitted by the pleadings. Each cause of action and damages request is addressed below in turn.

### A. Legal Standard for Motion to Dismiss[1]

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, all of the well-pleaded factual allegations in the claimant's complaint must be accepted as true and construed in the light most favorable to the claimant. Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008).

In order to survive a motion to dismiss, the pleader must allege factual allegations sufficient "to state a claim to relief that is plausible on its face."

---

[1]  It is worth noting that GTG and Hohweiler attempted to establish subject matter jurisdiction in their First Amended Counterclaim and Third-Party Complaint by pleading only the requisite amount in controversy and the declaratory judgments statute. (*First Am. Countercl.* ¶¶ 1-2.) However, GTG and Hohweiler did not plead diversity of the parties (which does not exist at this point in the case) or allege a cause of action for declaratory relief. They also did not plead supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Accordingly, GTG and Hohweiler have not pleaded subject matter jurisdiction over their claims in this case.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  The complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  The Court ultimately must determine whether the well-pleaded factual allegations of the complaint are "enough to raise a right to relief above the speculative level." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (internal quotation marks and citation omitted).

### B. Hohweiler has Failed to State a Cause of Action Against any Party

There are no allegations to support any standing of Hohweiler to sue any party in this case.  This Court dismissed Lift's alter ego claim against Hohweiler, Lift has not made any direct claims against him, and he is not a defendant in this case.  GTG and Hohweiler have not alleged that Hohweiler was a party to any contract, only that GTG was a party to the contract.  (*First Am. Countercl.* ¶ 11.) GTG and Hohweiler also have not alleged any facts by which Hohweiler was damaged personally by Lift, Egenes, or Hash, only that he is entitled to recover. (*First Am. Countercl.* ¶ 14, 15, 26, 27, 28, 29, 42, 43, 58, and 59.)

At this stage, Hohweiler is an improper party to this case, and all claims by him against Lift, Egenes, and Hash must be dismissed.  Ironically, if it is Hohweiler's contention that he has been directly damaged or that the damage to

GTG is actually damage to him, Lift will be pleased to amend its complaint to re-allege its alter ego claim and allege its remaining claims against him directly.

### C. GTG and Hohweiler have Failed to State a Claim for Breach of Contract Against Lift

GTG and Hohweiler have failed to allege a cause of action for breach of contract against Lift, and Hohweiler has failed to allege a cause of action for breach of contract against each of Lift, Egenes, and Hash.

> Under Georgia law: "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."   O.C.G.A. § 13-3-1.   "The consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition."  Id. § 13-3-2.  An action for breach of contract requires breach of a valid contract and resultant damages to the party who has the right to complain about the breach.   Budget Rent-a-Car of Atlanta, Inc. v. Webb, 220 Ga.App. 278, 469 S.E.2d 712, 713 (Ga. App. 1996)

J'Carpc, LLC v. Wilkins, 545 F.Supp.2d 1330, 1339 (N.D. Ga. 2008).

It is not alleged anywhere within the amended counterclaim and third-party complaint that Lift was a party to any contract, oral or otherwise.  The only parties alleged to be a party to any contract are GTG, Egenes, and Hash.  (*First Am. Countercl.* ¶ 11.)  GTG and Hohweiler allege that each of "Plaintiff and Third-Party Defendants have breached the Agreement."  (*First Am. Countercl.* ¶¶ 13 and 14.)  However, as previously noted, GTG and Hohweiler have in no way alleged that Lift was a party to the "Agreement."

There can be no breach of contract claim against Lift in the absence of an allegation that Lift was a party to the contract.[2]  Similarly, there are no allegations that Hohweiler was a party to the contract, and he has no right to complain about an alleged breach.  Therefore, each of Lift and Hohweiler must be dismissed from the breach of contract claim.

## D. GTG and Hohweiler have Failed to State a Claim for Misrepresentation, Fraud, and Fraud in the Inducement Because They have Not Alleged the Claims with Particularity

GTG's and Hohweiler's purported claims for misrepresentation (Count II), fraud (Count III), and fraud in the inducement (Count IV) completely fail to plead

---

[2]     This is not a semantic point.  GTG and Hohweiler are trying to assert that Egenes and Hash personally contracted with GTG for services to be performed, not Lift, while trying to assert liability for breach of contract against Lift.  This is logically and legally impermissible.

the "who," "when," "where," and "how" concerning any representations allegedly made by Lift, Egenes, or Hash.  In addition, Hohweiler has failed to allege that he personally acted upon any such representation, only that GTG acted upon them.

A plaintiff must plead fraud and fraud in the inducement with particularity. See O.C.G.A. § 9-11-9; see also Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Similarly, when a party asserts a claim for misrepresentation, it must allege facts that satisfy the heightened pleading requirement of Rule 9(b).  See Breckenridge Creste Apts. v. Citicorp, 826 F.Supp. 460, 466 (N.D. Ga. 1993) (stating that "negligent misrepresentation is essentially a species of fraud"); Hightower v. Century 21 Farish Realty, 214 Ga.App. 522, 524, 448 S.E.2d 271, 273 (Ga. App. 1994) (stating that "[t]he same principles apply to both fraud and negligent misrepresentation cases").

A complaint fails to satisfy the particularity requirements of Rule 9(b) when it fails to allege the "who, what, when, where, and how" of the fraudulent submissions.  Iqbal, 556 U.S. at 679; see also Corsello v. Lincare, Inc., 428 F.3d 1008, 1013-14 (11th Cir. 2005); United States v. Medco Health Solutions, Inc., 671 F.3d 1217, 1222 (11th Cir. 2012); Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009); Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).  In addition, under Georgia law, to be actionable as negligence or

fraud, misrepresentations must be acted upon by the person allegedly defrauded. O.C.G.A. § 23-2-52.

The representations alleged by Lift, Egenes, and Hash in the misrepresentation, fraud, and fraud in the inducement claims are identical and solely contained in subparagraphs (a) through (f) of paragraphs 17, 31, and 45 in the First Amended Counterclaim.  (*First Am. Countercl.* ¶¶ 17, 31, and 45.)  As detailed below, none of those allegations satisfy the particularity requirements of Fed. R. Civ. P. 9(b).

**Who?**   There are no allegations whatsoever identifying who made any representations to whom.  Instead, GTG and Hohweiler only allege categorically and generally that "Plaintiff and Third-Party Defendants made the following representations to Defendants / Counterclaimants."  (*First Am. Countercl.* ¶¶ 17, 31, and 45.)  There is no way to ascertain the specific parties to any particular representation from the pleading.

**When?**   There are no allegations whatsoever of the time or date of any representation.

**Where?**   There are no allegations whatsoever of the place of any representation.

**How?**   There are no allegations whatsoever of the manner in which any representation was communicated.

The absence of particularity in these claims is profound and fatal to their existence.   Therefore, each of GTG's and Hohweiler's purported claims for misrepresentation (Count II), fraud (Count III), and fraud in the inducement (Count IV) must be dismissed against each of Lift, Egenes, and Hash.

## E. GTG and Hohweiler have Failed to State a Claim for Alter Ego / Veil Piercing[3]

Count V of the First Amended Counterclaim and Third-Party Complaint asserts that Egenes and Hash are jointly and severally liable with Lift Media based on an alter ego theory of liability.   However, GTG and Hohweiler have not alleged any facts whatsoever in support of that claim.

Under Georgia law, alter ego liability is appropriate where the corporate form has been "used as a subterfuge so that to observe it would work an injustice." Baillie Lumber Co. v. Thompson, 279 Ga. 288, 289 (Ga. 2005) (citations omitted). Furthermore, to succeed on an alter ego claim, GTG and Hohweiler must allege facts showing that each of Egenes and Hash "disregarded the corporate entity and made it a mere instrumentality for the transaction of [their] own affairs [and] that

---

[3]     The same principles under Georgia law that apply to piercing the veil of a corporation also apply to piercing an LLC's veil.  See O.C.G.A. § 14-11-314 ("This chapter [on LLCs] does not alter any law with respect to disregarding legal entities."); Bonner v. Brunson, 585 S.E.2d 917, 918 (Ga. App. 2003) (applying standards from corporate veil-piercing cases to case involving piercing veil of an LLC).

there is such unity of interest and ownership that the separate personalities of [Lift, Egenes, and Hash] no longer exist." Id. at 289-90 (citations omitted).

GTG and Hohweiler also must allege facts that show Egenes and Hash "disregarded the separateness of [Lift] by commingling on an interchangeable or joint basis or confusing the[ir] otherwise separate properties, records or control." Id. at 290 (internal quotation marks and citation omitted).  In addition, "to pierce the corporate veil, [GTG and Hohweiler] must establish insolvency of the corporation as a precondition at the time of the transaction, not just a lack of cash on hand." Johnson v. Lipton, 254 Ga. 326, 327 (Ga. 1985) (footnotes omitted); accord Perry v. Unum Life Ins. Co. of America, 353 F. Supp. 2d 1237, 1240 (N.D. Ga. 2005).

These standards are purposefully difficult to meet.  See United States v. Fidelity Capital Corp., 920 F.2d 827, 837 (11th Cir. 1991).  Moreover, courts should exercise "great caution" before allowing a corporation's veil to be pierced. See Amason v. Whitehead, 367 S.E.2d 107, 108 (Ga. App. 1988).

Here, the First Amended Counterclaim and Third-Party Complaint makes only threadbare allegations parroting the elements of an alter ego claim.  ***The First Amended Counterclaim and Third-Party Complaint alleges no actual conduct by Egenes or Hash in support of the claim.***  Standing alone, GTG's and Hohweiler's

conclusory allegations do not state an alter ego claim that rises above the speculative level.  Therefore, their alter ego claim (Count V) must be dismissed.

### F.  Dismissal or Striking of Damages Claims and Requests for Relief

GTG and Hohweiler are not entitled to the relief for damages they requested in their First Amended Counterclaim and Third-Party Complaint.  Specifically, they have alleged that they are entitled to recover damages of $20,068,560 for ***lost profits*** caused by the alleged breach of contract (*First Am. Countercl.* ¶ 14) and re-alleged the exact same damages in their misrepresentation (*First Am. Countercl.* ¶ 27), fraud (*First Am. Countercl.* ¶ 42), and fraud in the inducement (*First Am. Countercl.* ¶ 58) claims.  They also have alleged that they are entitled to punitive damages arising from their misrepresentation, fraud, and fraud in the inducement claims.  (*First Am. Countercl.* ¶¶ 29, 43, and 59.)  These damages requests are mutually exclusive and unavailable to GTG and Hohweiler as pleaded.

### a.  Dismissal or Striking of Lost Profits Damages

"Lost profits typically fall under the category of consequential damages." Hgi Associates, Inc. v. Wetmore Printing Co., 427 F.3d 867, 878 (Fed. 11th Cir. 2005).  "Remote or consequential damages are not recoverable unless they can be traced solely to the breach of the contract or unless they are capable of exact computation, such as the profits which are the immediate fruit of the contract." O.C.G.A. § 13-6-8; Soloski v. Adams, 600 F.Supp.2d 1276, 1311 (N.D. Ga. 2009).

In Georgia, the general rule concerning recoverability of lost profits damages is that "the expected profits of a commercial venture are not recoverable as they are too speculative, remote, and uncertain."  <u>Johnson County Sch. Dist. v. Greater Savannah Lawn Care</u>, 278 Ga. App. 110, 112 (629 SE2d 271) (Ga. App. 2006) (punctuation omitted); <u>see</u> <u>also</u> <u>SMD, L.L.P. v. City of Roswell</u>, 252 Ga. App. 438, 441 (2) (555 SE2d 813) (Ga. App. 2001) ("As a general rule, expected profits of commercial business are too uncertain, speculative, and remote to permit recovery for their loss.").

As in <u>Soloski</u>, GTG and Hohweiler cannot, under any circumstances known to mankind, trace any theoretical profits that are capable of exact or even reasonable computation to any alleged breach of contract, misrepresentation, fraud, fraud in the inducement, or other claim.  <u>See</u> <u>Soloski</u>, 600 F.Supp.2d at 1311-12. Moreover, GTG and Hohweiler have not alleged any methodology or facts by which they allegedly determined the purported lost profits.  This damages claim is so speculative and remote that GTG and Hohweiler cannot prove it.  Therefore, the lost profits purportedly alleged in the First Amended Counterclaim and Third-Party Complaint must be stricken or dismissed.

### b.  Waiver and Dismissal or Striking of Recessionary Damages

Under Georgia law, a "party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the

fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." Mitchell v. Backus Cadillac-Pontiac, Inc., 274 Ga. App. 330, 333, 618 S.E.2d 87, 92 (Ga. App. 2005) (internal quotation marks omitted); accord Weinstock v. Novare Grp., Inc., 309 Ga. App. 351, 354, 710 S.E.2d 150, 154 (Ga. App. 2011). As the Georgia Court of Appeals acknowledged, the measure of damages for the "affirm and sue" option is "quite different" from the measure of damages for the "rescind and sue" option.  Mitchell, 274 Ga. App. at 333, 618 S.E.2d at 92.  For the "rescind and sue" option, the proper measure of damages is "the amount of money necessary to restore [the claimant] to the status prior to the transaction," minus a setoff for any value derived by the [claimant] as a result of the transaction. Mitchell, 274 Ga. App. at 339, 618 S.E.2d at 96; accord Brown v. Techdata Corp., 238 Ga. 622, 629-30, 234 S.E.2d 787, 793 (Ga. 1977) (per curiam).

It is generally accepted that a party can pursue alternative theories of a case. However, the damages sought to be recovered by GTG and Hohweiler in this case specifically omit all monies actually paid by GTG to Lift (i.e., the "rescind and sue" damages).  Therefore, it is clear that GTG and Hohweiler have elected to admit the existence of a contract (i.e., to "affirm and sue"), forego rescission, and pursue damages for fraud and breach, thereby abandoning any potential right to recover the monies actually paid to Lift and return the parties to their pre-contract positions.  Therefore, it is improper for GTG and Hohweiler to allege that Lift,

Egenes, and Hash are "[w]rongfully maintaining an ownership interest in the proceeds of GTG" while not requesting damages for the return of those funds ($629,359.98).  (*First Am. Countercl.* ¶¶ 12 and 13(a).)  Ultimately, the claim by GTG and Hohweiler that Lift, Egenes, and Hash have wrongfully retained $629,359.98 must be stricken or dismissed.

### c.  Dismissal or Striking of Punitive Damages

"Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).  "It is well settled that punitive damages are not available in breach of contract claims."  ServiceMaster Co., LP v. Martin, 556 S.E.2d 517, 523, 252 Ga. App. 751, 757 (Ga. App. 2001) (citing 940 F.2d 1429, 1439-1440 (11th Cir.1991)).   In addition, "'[w]here the compensatory damages requested in a count for tort are identical to the compensatory damages sought in a count for breach of contract, compensatory damages and punitive damages for the tort are not recoverable.'"  Kee v. Nat'l Reserve Life Ins. Co., 918 F.2d 1538, 1543 (11th Cir.1990).

GTG and Hohweiler have not alleged a single fact that suggests Lift, Egenes, or Hash had any intent whatsoever to engage in any activity that would

impair Lift's performance under the oral contract or the revenues of GTG.  Instead, they only have alleged that their "harm resulted from Plaintiff and Third-Party Defendant's fraud, malice, or gross negligence." (*First Am. Countercl.* ¶¶ 29, 43, and 59.)  These threadbare legal conclusions in the absence of any allegation of fact that even hints of mal intent are not sufficient to support a claim for punitive damages.  Furthermore, their claim for breach of contract for the exact same damages as in their misrepresentation, fraud, and fraud in the inducement claims precludes an award of punitive damages.

Fraud damages are not the same as contract damages, and contract damages preclude punitive damages.  Therefore, since GTG and Hohweiler pleaded the same damages in their fraud claims as their contract claim, the fraud damages and any punitive damages derived therefrom are precluded as a matter of law and must be stricken or dismissed.

## IV.   CONCLUSION

It is of little doubt that GTG and Hohweiler will seek to file yet another amendment to their frivolous counterclaims against Lift, Egenes, and Hash, making whatever allegations are most likely to prolong this trial and keep them in the infringement game—it is making them millions.  At some point, GTG and Hohweiler are going to have to pick a theory of their case and stick with it.  Will it be their current theory developed by the expert witness who also serves as GTG's

Chief Marketing Officer and concocted their ludicrous claim of $20 million in lost profits?

GTG and Hohweiler also have a fundamental misunderstanding of the difference between a "covenant" and a "representation."  Nearly every allegation by GTG and Hohweiler that they characterize as a representation (or misrepresentation) is actually an alleged covenant of the oral contract creating an obligation, not a representation about matters in existence.  Such an allegation does not support a fraud claim—it supports a breach of contract claim.  Furthermore, GTG and Hohweiler have not alleged anything more than the mere legal elements of an alter ego claim—in fact, there is not one shred of evidence known to them or in existence that supports such a claim.

GTG and Hohweiler have had myriad opportunities to correct their pleadings in this case.  If they take any more bites out of this apple, we and the Court will be left staring at its core.  We respectfully request that these claims be dismissed with prejudice.


Respectfully Submitted;

This 4th day of December, 2015.


[SIGNATURE PAGE FOLLOWS]

The Law Office of Odis Williams, P.C.

/s/ *Odis Williams*
_____
Odis William Williams, II
Georgia Bar No.: 556272
*Attorney for the Plaintiff Lift Media, LLC*

1640 Powers Ferry Road SE
Building 20, Suite 300
Marietta, GA 30067
Phone: 770.575.4466
Fax: 877.329.8359
owilliams@odiswilliamspc.com

## **<u>AFFIRMATION</u>**

The undersigned hereby affirms that the preceding document does not contain the social security number of any person.

This 4th day of December, 2015.

THE LAW OFFICE OF ODIS WILLIAMS, P.C.

/s/ Odis W. Williams II
_____

Odis W. Williams II
Georgia Bar No. 556272
*Attorney for Plaintiff Lift Media, LLC*

1640 Powers Ferry Road
Building 20, Suite 300
Phone: 770.575.4466
Fax: 877.329.8359
Email: owilliams@odiswilliamspc.com

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b), I hereby certify that, on the date where undersigned, I caused the foregoing document to be served on all parties to this action by:

      __ X _ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail;

      ____ personal delivery;

      ____ facsimile (fax);

      ____ Federal Express, UPS, or other overnight delivery;

      __ X _ E-File;

fully addressed to each recipient as follows:

Jennifer Kurle
KurleLaw, LLC
309 Sycamore St.
Decatur, GA 30030

Charles A. Moster, Esq.
Moster Law Firm
4920 S. Loop 289, Ste. 102
Lubbock, TX  79414

This 4th day of December, 2015.

THE LAW OFFICE OF ODIS WILLIAMS, P.C.

/s/ Odis Williams
_____
Odis William Williams, II
Georgia Bar No. 556272
*Attorney for Plaintiff Lift Media, LLC*

1640 Powers Ferry Road
Building 20, Suite 300
Phone: 770.575.4466
Fax: 877.329.8359
Email: owilliams@odiswilliamspc.com