# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LIFT MEDIA, LLC<br>    Plaintiff/Counterdefendant. | § § § § | Civil Action No.<br>1:14-CV-3470-ODE |
| v. | § § | |
| JOSHUA HOHWEILER, GREATER THAN GATSBY, LLC and DOES 1-10.<br>    Defendants/Counterclaimants. | § § § | |
| JOSHUA HOHWEILER, GREATER THAN GATSBY, LLC<br>    Defendants/Counterclaimants. | § § § § | |
| v. | § § | |
| LIFT MEDIA, LLC<br>    Plaintiff/Counterdefendant. | § § | |
| JOSHUA HOHWEILER, GREATER THAN GATSBY, LLC<br>    Defendants/Third Party Plaintiff. | § § § § | |
| v. | § § | |
| ANDREW EGENES &<br>ROBERT HASH JR.<br>    Third Party Defendants. | § § § | |

## OPPOSITION TO PLAINTIFF AND THIRD-PARTY DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM

Pending before the Court is Plaintiff and Third-Party Defendant Egenes'

Motion to Dismiss Defendants' First Amended Counterclaim. Defendants will be

filing an amended counterclaim as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B).

Rule 15 provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Defendant's Second Amended Counterclaim is Defendant's first amendment as of right under Fed. R. Civ. P. 15(a)(1)(B), and is timely as it will be filed within 21 days after service of Plaintiff's Motion To Dismiss under Rule 12(b).

In light of Defendant's amendment, Defendant opposes Plaintiffs' Motion To Dismiss on the following grounds:

### I. **Plaintiffs' Motion is Moot**

"'Under the Federal Rules, an amended complaint supersedes the original complaint.'" *Klyce v. Ramirez*, 852 F.2d 568 (6th Cir. 1988) *citing Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *Varnes v. Local 91 Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981); *Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986). As such, Defendants' pending Second Amended Complaint has superseded prior pleadings and rendered them null.

As the previous complaints are rendered null by amendment, Plaintiffs' motion to dismiss the superseded counterclaim is moot and must be denied. "Plaintiffs' amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Kentucky Press Ass'n v. Commonwealth of Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) *citing Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). "As the amended complaint has superseded the original, defendant's motion to dismiss has become moot." *Calloway v. Green Tree Servicing, LLC*, 599 F. Supp. 2d 543, 546 (D. Del. 2009).

## II. Defendant Hohweiler Did Not Allege A Cause Of Action In The First Amended Counterclaim

Plaintiff is correct that Defendants did not allege that Defendant Hohweiler was a party to any contract. Defendant Hohweiler did not seek to make any claim against any party in Defendants First Amended Counterclaim. Defendant was merely referenced as he is a party to the litigation (by way of Plaintiff's surviving claim for declaratory judgment against Defendant Gatsby and Defendant Hohweiler) on the same "side" as Defendant Gatsby who is asserting the Counterclaims and Third-Party Claims. This position has been clarified in Defendant's Second Amended Petition.

### III. Defendant Gatsby Did State A Claim For Breach Of Contract Against Lift

Plaintiff is incorrect in its assertion that Defendant Gatsby has "failed to allege a cause of action for breach of contract against Lift". *See Motion To Dismiss* at 8. Plaintiff concedes the fact that Defendant Gatsby properly pleaded the elements of Breach of Contract against Third-Party Defendants Hash and Egenes. *See Motion To Dismiss* at 9. Plaintiff merely complains that Defendant Gatsby did not allege that Lift Media was a party to that agreement. This is based upon a misunderstanding of the facts as pleaded by Defendant. Defendant's First Amended Counterclaim clearly states as follows:

> "On or about February 20, 2014, the Agreement was amended to provide for Plaintiff and Third-Party Defendants to be retained on a month-to-month basis in conformance with the pricing model provided to GTG utilized by a competitor of Plaintiff and Third-Party Defendants, the "GEMS Gorilla Plan"." *See First Amended Counterclaim* at 5

Again, Defendant's pleadings are clear. The initial Agreement was between GTG, and the Third-Party Defendants (Andrew Egenes, and Robert Hash, Jr.). That Agreement was subsequently amended on February 20, 2014 to provide for additional terms, and to add Lift Media, LLC (identified as "Plaintiff" in the quoted excerpt above) as a party.

4

Although Defendant's First Amended Counterclaim clearly alleged that Lift Media was a party to the Agreement, Defendant has further clarified this point in its Second Amended Counterclaim.

**IV.  Defendant Gatsby Did State A Claim For Misrepresentation, Fraud, and Fraud in the Inducement With Particularity**

Plaintiff attacks Defendant's Counterclaims for Misrepresentation, Fraud, and Fraud in the Inducement solely based upon its assertion that Defendant's First Amended Counterclaim does not meet the particularity requirements of Rule 9(b).

**A.  Rule 9(b) Is Inapplicable To Misrepresentation Claims**

As a preliminary note, Plaintiff seems to be incorrect in its assertion that "when a party asserts a claim for misrepresentation, it must allege facts that satisfy the heightened pleading requirement of Rule 9(b)." *See Motion To Dismiss* at 10. Although Plaintiff relies on case law in support of this assertion, more recent cases differ from the 1993 and 1994 opinions cited to by Plaintiff. Based upon recent case law, Rule 9(b) is only applicable to the claims specifically enumerated within that Rule.

This issue was more recently addressed in the Northern District of Georgia case, *Atwater v. NFL Players Ass'n*, 2007 U.S. Dist. LEXIS 23371 (N.D. Ga. Mar. 29, 2007). In *Atwater*, the Court discussed whether the Eleventh Circuit applied the

more exacting standards of to Rule 9(b) to causes of action (such as misrepresentation) not specifically enumerated in Rule 9(b). In discussing this issue, the Court cited to several cases within the Northern District of Georgia in which Courts refused to apply Rule 9(b) to causes of action besides fraud.

> "However, other district courts have held that Rule 9(b)'s heightened pleading standard does not apply to claims not alleging fraud. For instance, in *Woods v. Southern Co.,* 396 F. Supp. 2d 1351, (N.D. Ga. 2005) (Story, J.), the court held that plaintiff need not plead his ERISA claim under a heightened pleading standard. In discussing this holding, Judge Story cited a number of cases holding that a rigorous pleading requirement is required in ERISA claims only when a plaintiff's ERISA claim amounts to an allegation of fraud. (*Id.* at 1360, n. 5.) (citing a case from the Northern District of Illinois holding that because plaintiff alleged negligent misrepresentation, but not fraud or mistake, the court would not require plaintiff to plead his ERISA claim under Rule 9(b)). Likewise in an unreported decision, Judge G. Ernest Tidwell has held that plaintiffs need not plead claims for negligent misrepresentation with particularity. *See Snapping Shoals Elec. Membership Corp. v. RLI Ins. Corp.,* Civ. A. No. 105-CV-1714-GET, 2005 U.S. Dist. LEXIS 36776, 2005 WL 3434803 (N.D. Ga. Dec. 14, 2005) (Tidwell, J.) (noting that the Supreme Court does not required particularity beyond notice pleading for claims that do not fall under Federal Rule of Civil Procedure 9(b), and, therefore, that the complaint adequately pled negligent misrepresentation under the Rules' liberal pleading standard). (2005 U.S. Dist. LEXIS 36776, 2005 WL 3434803 at \*6.); *See also, In re AFC Ent., Inc.,* 348 F. Supp. 2d 1363, 1377-1379 (N. D. Ga. 2004) (Thrash, Jr., J.) (court need not determine if Section 11 claim is subject to heightened pleading standard because plaintiffs did not base Section 11 claim on allegations involving fraud.)" *Id.* at \*40-42

Ultimately, the *Atwater* Court found that "[a]t this time, the Eleventh Circuit does not require heightened pleading for a claim of negligent misrepresentation. Though district courts outside of this jurisdiction have required plaintiffs to plead their negligent misrepresentation claims under Rule 9(b), cases issued by judges in the Northern District of Georgia have not required plaintiffs to do so." *Id.* at *44 "As the 11th Circuit has not applied Rule 9(b) outside of the fraud context, neither will this Court, at this time." *Id.* at *44. Thus current case law within the Northern District of Georgia would render Plaintiff's particularity arguments moot as to the misrepresentation counterclaim. Critically, as Plaintiff does not make any argument that the misrepresentation claim does not meet the Rule 8(a) standard of pleading, its Motion to Dismiss must fail in its entirety as to the misrepresentation cause of action.

**B. <u>Defendant Has Met The Rule 9(b) Standard</u>**

Federal Rule of Civil Procedure 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Generally, Rule 9(b) requires a pleading to establish "the who, what, when, where, and how" of a fraud claim. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). However, these elements should be seen as a merely a guidepost as "[w]hat constitutes 'particularity' will

necessarily differ with the facts of each case . . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).

Defendant clearly alleges "who" made the representations to "whom". In its Misrepresentation, Fraud, and Fraud in the Inducement claims, Defendant states that "Plaintiff and Third-Party Defendants made the following representations to Defendants/Counterclaimants." *See First Amended Counterclaim* at 8, 12, and 15. Based upon the pleadings before this Court, the term "Plaintiff" refers to Lift Media, LLC. The term "Third-Party Defendants" refer to Andrew Egenes and Robert Hash, Jr. The term "Defendants/Counterclaimants" refers to Greater Than Gatsby, LLC and Greater Than Gatsby President, Josh Hohweiler. (*See Defendants' First Amended Counterclaim* at 2-4 for the identification of parties by these terms.) Accordingly, Defendant Gatsby has clearly plead that Robert Hash Jr., Andrew Egenes, (both in their personal capacity and as representatives of Lift Media, LLC) made representations to Greater Than Gatsby, LLC by and through its President, Joshua Hohweiler. The "who" aspect of Rule 9(b) has been more than satisfied.

As to the "what" aspect, Defendant clearly alleges the representations made by Plaintiff and Third-Party Defendants.

"Plaintiff and Third-Party Defendants made the following representations to Defendants/Counterclaimants:
   a. The website development would be divided into three phases.
   b. Each phase of development would to be completed by a certain date, with the third and final stage of development to be completed by December 31, 2013.
   c. Upon the completion of the Contractor Development to Launch Services, Plaintiff and Third-Party Defendants would be retained on a month-to-month basis, and work on the website would transition to a management phase.
   d. Upon entry into the management phase, compensation for Plaintiff and Third-Party Defendants would change from 20% of revenue minus certain enumerated expenses, to a flat-monthly rate in conformance with competitor's rates.
   e. That Plaintiff and Third-Party Defendants would perform and was qualified to perform expert-level Search Engine Optimization in order to maximize the site's search engine ranking.
   f. That Plaintiff and Third-Party Defendants would perform and was qualified to perform expert-level Website Conversion Optimization in order to maximize sales." *See First Amended Counterclaim* at 8-9, 12-13, 15-16.

As to the "when" aspect, Defendant states that "On or about September 27, 2013, Third-Party Defendants and Defendant Greater Than Gatsby, LLC entered into an binding and enforceable oral agreement…." *See First Amended Counterclaim* at 4. This statement is incorporated by reference as to each of the Misrepresentation, Fraud, and Fraud In The Inducement claims and Defendant

contends that the representations pleaded were made contemporaneously with this date and thus the "when" aspect of Rule 9(b) has been satisfied.

Defendant has pleaded the place of business of the respective parties. *See First Amended Counterclaim* at 2-4. These statements are incorporated by reference as to each of the Misrepresentation, Fraud, and Fraud In The Inducement claims. Thus the "where" aspect of Rule 9(b) has been satisfied.

As to the "how" aspect, Defendant states that "On or about September 27, 2013, Third-Party Defendants and Defendant Greater Than Gatsby, LLC entered into an binding and enforceable oral agreement…." *See First Amended Counterclaim* at 4. This statement is incorporated by reference as to each of the Misrepresentation, Fraud, and Fraud In The Inducement claims. Defendant contends that the representations pleaded were made contemporaneously with the negotiations between the parties, but separate from the terms of the Agreement. Thus the "how" aspect of Rule 9(b) has been satisfied.

Defendant contends that its First Amended Counterclaim meets the requirements of Rule 9(b). However, Defendant's Second Amended Counterclaim includes additional details and particularity above and beyond that included within the First Amended Counterclaim, and above and beyond what is required by Rule 9(b).

## V. Defendant Properly Alleged Alter Ego

Defendant's claim for Alter Ego was predicated partially upon the fact that "Plaintiff Lift Media was formed mere days after the contracting between GTG and Third-Party Defendants, for the sole purpose of facilitating the acts giving rise to each cause of action set forth herein." *See First Amended Counterclaim* at 19. This is proper grounds for piercing the veil, and Defendant alleged numerous other facts in support of its Alter Ego theory.

However, Defendants have withdrawn the claim for Alter Ego in their Second Amended Petition. Defendants reserve the right to reassert this claim based upon future discovery.

## VI. Lost Profits Damages Are Not Speculative

Plaintiff contends that Defendant's claim for damages is "so speculative and remote that GTG and Hohweiler cannot prove it." *See Motion To Dismiss* at 15. This is simply incorrect.

As a preliminary matter, in considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), well pleaded factual allegations are accepted as true. *South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). Defendant has pleaded its damages number with exacting particularity. *See First Amended Counterclaim* at 6-7. There is nothing within the pleading that indicates

that these numbers are speculative. Thus, this Court must accept these damage numbers as true for the purposes of considering Plaintiff's motion. A fact cannot be "speculative" if it is deemed "true" as a matter of law. Plaintiff's Motion must fail solely upon this fact.

Notwithstanding the above, Plaintiff concedes that consequential damages are recoverable if they can be "traced solely to the breach of contract…" *See Motion To Dismiss* at 14. Here, each element of the damage calculation is traced to specific breaches and specific conduct by Plaintiff and Third-Party Defendants. *See First Amended Complaint* at 6-7. Again, these damages are not speculative, and there is nothing within the pleading that would indicate speculation. The damages are pleaded as definite numbers which are tied to definite conduct by definite parties. Plaintiff's motion must fail.

**VII. Rescissionary Damages Are Available**

Plaintiff concedes that "[i]t is generally accepted that a party can pursue alternative theories of a case." *See Motion To Dismiss* at 16. If this is true, why would one be forced to elect between pursuing damages based upon a breach claim, or rescinding the contract and suing in tort for fraud? Plaintiff's argument does not add up. Further Plaintiff has not offered any case law in support of this position. Indeed, FRCP 8 provides that "[a] party may state as many separate

claims or defenses as it has, regardless of consistency." This logically would extend to the damage element of those claims. Plaintiff's motion must fail.

Defendants will note that their Second Amended Counterclaim adds an Unjust Enrichment cause of action that allows for return of wrongly maintained proceeds. Defendant's Second Amended Counterclaim also revises the fraud and misrepresentation claims as to that measure of damages.

### VIII. <u>Punitive Damages Are Available</u>

To be clear, Defendant has not pleaded punitive damages in association with its breach of contract claims. Defendant requests punitive damages in association with its misrepresentation, fraud, and fraudulent inducement claims.

Here, Defendant has clearly pleaded within its claims for misrepresentation, fraud, and fraudulent inducement a pattern of willful misconduct by Third-Party Defendants and Plaintiffs that satisfies the prerequisites for the imposition of punitive damages. In discussing the various representations made, Defendant pleaded the following willful and malicious conduct by Plaintiff and Third-Party Defendants:

> "Contrary to the representations made to Defendants/Counterclaimants, Plaintiff and Third-Party Defendants intentionally acted to delay development in order to continue its compensation under the revenue sharing model." *See First Amended Counterclaim* at 9, 13, 16

"Contrary to the representations made to Defendants/Counterclaimants, Plaintiff and Third-Party Defendants intentionally failed to perform speed optimization, failed to implement a mobile site, failed to optimize the current site for mobile use, and failed to implement a cognizable content strategy resulting in a failure to perform the Search Engine Optimization duties as represented to Defendants/Counterclaimants." *See First Amended Counterclaim* at 10, 13, 16-17

"Contrary to the representations made to Defendants/Counterclaimants, Plaintiff and Third-Party Defendants intentionally failed to perform speed optimization, failed to implement a mobile site, failed to optimize the current site for mobile use, failed to optimize the user interface, failed to optimize the user experience and failed to engage in A/B Testing resulting in a failure to perform the Website Conversion Optimization duties as represented to Defendants/Counterclaimants." *See First Amended Counterclaim* at 10, 14, 17

Plaintiff concedes that punitive damages are available when a parties actions "showed willful misconduct…" or "malice…" *See Motion To Dismiss* at 18. And indeed, fraud itself allows for the recovery of punitive damages. *See* O.C.G.A. § 51-12-5.1(b). As discussed above, Defendant has pleaded the elements of fraud with particularity. Further, Defendant has pleaded facts that would allow this Court to make a finding of willful misconduct and malice. Thus, Defendant's First Amended Counterclaim asserts more than enough facts to meet the pleading standards applicable to punitive damages.

As an additional note, although Plaintiff contends that punitive damages are unavailable when fraud damages are identical for breach of contract damages, again, FRCP 8 provides that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." This extends to the damage element of those claims.

Further, in support of their position, Plaintiff relies upon a case concerning Florida common law, which seems to employ a patently different interpretation of the economic loss rule than Georgia does. Plaintiff has offered no Georgia case law requiring a party to plead different numbers between tort and contract in order to recover punitive damages.

Defendants will note that although Defendant's First Amended Counterclaim more than satisfies the pleading standards associated with the imposition of punitive damages, its Second Amended Complaint revises the fraud, fraudulent inducement, and misrepresentation claims as to that measure of damages.

## IX. PRAYER

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff and Third-Party Defendant's Motion to Dismiss.

Respectfully Submitted,

s/ Jennifer A. Kurle
Jennifer Kurle
KurleLaw, LLC
Ga. Bar No. 140812
309 Sycamore St.
Decatur, GA 30030
404-458-4080
E-mail: jen@kurlelaw.com

**-and-**

s/ Charles A. Moster
Charles A. Moster
Moster Law Firm
Texas Bar No. 00797782
4920 S. Loop 289
Lubbock, TX 79414
806-778-6486
E-mail:
charlesalbertmoster@gmail.com

*Attorneys for Defendants*

## CERTIFICATION OF COMPLIANCE WITH TYPE LIMITATIONS

I do hereby certify that the above brief has been prepared with one of the font and point selections approved by the court in LR5.1C.

/s/ Charles A. Moster
Charles A. Moster
Attorney For Defendants

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Reply was served on the below listed party on December 18, 2015 via the ECF/Pacer electronic system:

Odis William Williams II
The Law Office of Odis Williams, P.C.

                                                 s/ Jennifer A. Kurle
                                                 Jennifer Kurle
                                                 Attorney For Defendants