UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LIFT MEDIA, LLC** | § | Civil Action No. |
|    Plaintiff/Counterdefendant. | § | 1:14-CV-3470-ODE |
| | § | |
| v. | § | |
| | § | |
| **GREATER THAN GATSBY, LLC.** | § | |
|    Defendant/Counterclaimant. | § | |
| **GREATER THAN GATSBY, LLC** | § | |
|    Defendant/Counterclaimant. | § | |
| | § | |
| v. | § | |
| | § | |
| **LIFT MEDIA, LLC** | § | |
|    Plaintiff/Counterdefendant. | § | |
| **GREATER THAN GATSBY, LLC** | § | |
| Defendant/Third Party Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | |
| **ANDREW EGENES &** | § | |
| **ROBERT HASH JR.** | § | |
|    Third Party Defendants. | § | |

## MOTION TO QUASH SUBPOENA AND FOR SANCTIONS UNDER RULE 26(g)(3)

Defendant/Counterclaimant/Third-Party Plaintiff, GREATER THAN GATSBY, LLC, (herein referred to as "Defendant") by and through its legal counsel, respectfully moves this Honorable Court for an Order quashing a subpoena served by Plaintiffs upon third-party, Shana Rosengarden of Florabella,

LLC (herein referred to as "Florabella"). In support of this motion, Defendant states as follows:

I.     **Relevant Facts And Procedural History**

Plaintiff has issued the attached subpoena to third-party Florabella seeking the production of documents that it deems relevant to the case pending before this Honorable Court. *See attached Exhibit 1-Notice Of Subpoena.* This subpoena was apparently served upon Florabella on March 3, 2016. *See Exhibit 2-Return Of Service.*

Critically, the Notice and the actual Subpoena **were not served on Defendant** prior to service upon Florabella. Plaintiff's counsel has confirmed that Defendant was not provided a copy of the Notice and Subpoena until an e-mail dated March 16, 2016. *See Exhibit 3-E-mail Correspondence From Odis Williams.* Plaintiff's counsel further confirmed that the certificate of service on the Notice was incorrect insofar as it represented that service was effectuated on February 17, 2016 via e-filing and via mail. *See Id.*

II.    **Argument And Authority**

    A.    **Plaintiff's Subpoena Must Be Quashed**

Pursuant to Fed. R. Civ. P. 45(a)(4), "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or

the inspection of premises before trial, then ***before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party***." Fed. R. Civ. P. 45(a)(4) (emphasis added). A court may properly quash a subpoena when the serving party fails to provide notice to another party. *See Firefighters' Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000); *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006).

Here, Defendant was not served with the Notice and Subpoena in question until March 16, 2016. This was ***nearly two weeks after*** the Subpoena was served upon Florabella, and ***nearly two weeks after*** the discovery period ended (March 4, 2016). This extreme delay evidences that Plaintiff acted intentionally to conceal its subpoena in direct violation of Fed. R. Civ. P. 45(a)(4).

Again, when a party fails to provide prior notice to all parties "as required by Rule 45(a)(4), the Subpoena is void and unenforceable." *FDIC v. Kaplan*, 2015 U.S. Dist. LEXIS 104517 *7 (M.D. Fla. Aug. 10, 2015). Accordingly, Plaintiff's subpoena on Florabella must be quashed, and any documents already received by Plaintiff must be stricken as inadmissible.

### B.     Plaintiff Must Be Sanctioned For Improper Certification

By signing a discovery document, "an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry….it is complete and correct as of the time it is made…." and that its is "consistent with these rules and warranted by existing law…" *Fed. R. Civ. P. 26(g)(1) (emphasis added)*.

As to the Notice Of Subpoena in question, Plaintiff's Counsel, Odis Williams executed a Certificate Of Service. This Certificate represents that service was effectuated on February 17, 2016 via e-filing and via United States Mail. *See Exhibit 1* at 4. However, that representation by Counsel is completely incorrect. There was no filing on February 17, 2016, and the Notice and Subpoena were not sent to Defendant via mail. Indeed, Plaintiff has confirmed that Defendant did not receive the Notice and Subpoena until an e-mail dated March 16, 2016, and that Counsel's Certificate Of Service is incorrect. *See Attached Exhibit 3*.

Plaintiff's violation of *Fed. R. Civ. P. 26* by executing a false certificate of service requires the imposition of sanctions. "If a certification violates this rule without substantial justification, the court, on motion or on its own, ***must impose an appropriate sanction*** on the signer, the party on whose behalf the signer was acting, or both." *Fed. R. Civ. P. 26(g)(3) (emphasis added)*.

### III. <u>Prayer</u>

For the foregoing reasons, Defendant respectfully requests that this Honorable Court issue an Order 1) quashing Plaintiff's Third-Party Subpoena, 2) requiring Plaintiff to immediately notify Ms. Rosengarden and Florabella, LLC that they are not required to produce the requested documents at this time, and 3) striking any documents already produced to Plaintiff by Ms. Rosengarden and Florabella, LLC as inadmissible.

Further, in accordance with *Fed. R. Civ. P. 26(g)(3)*, Defendant respectfully requests that this Court impose appropriate sanctions upon Plaintiff for violating *Fed. R. Civ. P. 26* by executing a false certificate of service.

                                Respectfully Submitted,

                                <u>s/ Jennifer A. Kurle</u>
                                Jennifer Kurle
                                KurleLaw, LLC
                                Ga. Bar No. 140812
                                309 Sycamore St.
                                Decatur, GA 30030
                                404-458-4080
                                E-mail: jen@kurlelaw.com

                                **-and-**

/s/ Charles A. Moster
Charles A. Moster
Moster Law Firm
Texas Bar No. 00797782
4920 S. Loop 289
Lubbock, TX 79414
806-778-6486
charlesalbertmoster@gmail.com

*Attorneys for Defendant*

### CERTIFICATION OF COMPLIANCE WITH TYPE LIMITATIONS

I do hereby certify that the above brief has been prepared with one of the font and point selections approved by the court in LR5.1C.

/s/ Charles A. Moster
Charles A. Moster
Attorney For Defendant

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Motion was served on the below listed party on Friday, March 18, 2016 via the ECF/Pacer electronic system:

Odis William Williams II
The Law Office of Odis Williams, P.C.

s/ Jennifer A. Kurle
Jennifer Kurle
Attorney For Defendant

6