# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LIFT MEDIA, LLC** § | Civil Action No. | |
|     Plaintiff/Counterdefendant. § | 1:14-CV-3470-ODE | |
| § | | |
| v. § | | |
| § | | |
| **GREATER THAN GATSBY, LLC.** § | | |
|     Defendant/Counterclaimant. § | | |
| **GREATER THAN GATSBY, LLC** § | | |
|     Defendant/Counterclaimant. § | | |
| § | | |
| v. § | | |
| § | | |
| **LIFT MEDIA, LLC** § | | |
|     Plaintiff/Counterdefendant. § | | |
| **GREATER THAN GATSBY, LLC** § | | |
| Defendant/Third Party Plaintiff. § | | |
| § | | |
| v. § | | |
| § | | |
| **ANDREW EGENES &** § | | |
| **ROBERT HASH JR.** § | | |
|     Third Party Defendants. § | | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant/Counterclaimant/Third-Party Plaintiff, GREATER THAN

GATSBY, LLC, by and through its legal counsel, respectfully moves this

Honorable Court for an Order overruling Plaintiff and Third-Party Defendants'

claims of privilege and compelling them to provide further documents responsive

to Requests For Production. In support of this motion, Defendant states as follows:

I.  **Relevant Background And Procedural History**

On December 4, 2015, Plaintiff and Third-Party Defendants responded to Defendant's First Request For Production. A review of these Responses revealed that the responding parties have withheld a substantial amount of e-mails and other electronic correspondence in reliance upon a claim of attorney-client communication privilege, and work product privilege.

Specifically, Plaintiff and Third-Party Defendants responded to Defendant's discovery request as follows:

> **"REQUEST FOR PRODUCTION NO. 57:** Any and all documents referencing or relating to the Greater Than Gatsby Website's search engine ranking.
>
> **RESPONSE:**
>
> See "/Email/admin@achievelift.com.pdf"
> See "/Email/aegenes@achievelift.com.pdf"
> See "/Email/rhash@achievelift.com.pdf"
> See "/Request #56/20141024 - GTG SEO Ranking History.pdf"
> See "/Request #56/20141026 - GTG SEO Performance.pdf"
> See "/Request #56/20150520 - GWT Mobile SEO Performance.pdf"
> See "/Request #56/20150520 - MOZ Organic Search.pdf"
> See "/Request #56/MOZ - Screen Shot 2015-06-30 at 10.50.17  AM.pdf"
> See "/Request #56/MOZ - Screen Shot 2015-06-30 at 10.50.45  AM.pdf"
> See "/Request #57/MOZ - Rank Track History - _Photoshop Actions_.pdf"
> See "/Request #57/MOZ - Rank Track History - _Free Photoshop Actions_.pdf"
>
> **Not Bates Stamped**
> See "/Request #28/GTG Historical Keyword Rankings.xlsx"

See "/Request #56/GTG MOZ.xlsx"

**WITHHELD ITEMS**:

The following documents were withheld as they contain attorney communication.

Email - admin@achievelift.com (Privileged Attorney).pdf
Email - aegenes@achievelift.com (Privileged Attorney).pdf
Email - rhash@achievelift.com (Privileged Attorney) - 1.pdf
Email - rhash@achievelift.com (Privileged Attorney) - 2.pdf
Email - roberthashjr@gmail.com (Privileged Attorney).pdf

The following documents were withheld as they communication in the furtherance of litigation.

Email - admin@achievelift.com (Privileged Non-Attorney).pdf
Email - aegenes@achievelift.com (Privileged Non-Attorney).pdf
Email - rhash@achievelift.com (Privileged Non-Attorney).pdf
Email - roberthashjr@gmail.com (Privileged Non-Attorney).pdf
Skype 2-Week Chat History - Andrew.csv
Skype 2-Week Chat History - Robert.csv"
   *See Lift Media and Egenes Response To Request For Production* at 37-39 and *Hash Response To Request For Production* at 37-39.

Plaintiff's response quoted above does not contain sufficient information as to enable Defendant to assess the claim of privilege. Therefore, in accordance with Fed. R. Civ. P. 26 and 37, Defendant sent written correspondence to Plaintiff and Third-Party Defendants requesting that they provide a detailed privilege log. *See Attached Exhibit 1 – Correspondence To Odis Williams Dated February 8, 2016*. This correspondence was apparently ignored, as Plaintiff never responded.

### III. Argument And Authorities

As a preliminary note, Defendant has undertaken "good faith" efforts as required by Fed. R. Civ. P. 26 and 37 to resolve this dispute prior to the filing of this Motion. Plaintiff and Third-Party Defendants have completely ignored these efforts. Thus, the intervention of this Court is necessary.

Although it is unclear exactly what privilege Plaintiff and Third-Party Defendant's are asserting ("communication in the furtherance of litigation"), it seems that this is merely an alternate wording to the "work product" privilege. In short, the work product privilege provides a qualified immunity for materials prepared in anticipation of litigation by a party, an attorney, or other representatives of the party. *Hickman v. Taylor*, 329 U.S. 495 (1947). However, the work product privilege is not absolute. The party seeking to invoke such a privilege must satisfy certain burdens in order to rely upon the privileges protections.

As the parties asserting the work product privilege, Plaintiff and Third-Party Defendants bear the burden of establishing its application over the documents they seek to protect. *See Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 697 (N.D. Ga. 2007). The work product privilege "must be specifically raised and demonstrated rather than asserted in a blanket fashion." *Id.* at 698. "This burden can be met only

by an evidentiary showing based on competent evidence and not be discharged by mere conclusory or ipse dixit assertions." *Abdallah v. Coca-Cola Co.*, No. 1:98-cv-3679-RWS, 2000 WL 33249254, at *3 (N.D. Ga. Jan. 25, 2000) (*quoting Bowne of New York City, Inc.*, 150 F.R.D. at 470).

Here, other than indicating in that certain documents may have created in anticipation of litigation and making a generic assertion as to the applicability of the work product doctrine, Plaintiff and Third-Party Defendants have done little to satisfy its burden of proof.

In addition to wholly failing to meet their evidentiary burden by only tendering conclusory assertions of privilege, Plaintiff and Third-Party Defendants have thus-far refused to produce a privilege log as required. Indeed, Fed. R. Civ. P. 26(b)(5)(A) requires as follows:

> "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The requirements of Fed. R. Civ. P. 26(b)(5)(A) are most commonly satisfied by providing opposing counsel with a privilege log. Here, despite Defendant's written request for a privilege log, no log has been provided. And

indeed, while the actual Response does contain a conclusory and vague claim of privilege, there has never been any information provided by Plaintiff that describes the nature of the document such as to enable Defendant to assess the claim.

Further, Plaintiff and Third-Party Defendant's failure to provide a proper privilege log conceals the full extent of the documents withheld. In addition to the items identified in Plaintiff and Third-Party Defendant's Response to Request No. 57, Defendant believes that numerous communications (including but not limited to text messages, instant messages, e-mails, and other electronic correspondence) between the Third-Party Defendants has been withheld subject to this same privilege. Essentially, the failure to produce a privilege log has resulted in a vehicle by which Plaintiff and Third-Party Defendants may conceal the existence of potentially thousands of pages of responsive documents. Indeed, the great potential for abuse is the very reason why Courts must act to overrule privileges when privilege logs are not provided.

Again, because Plaintiff has wholly failed to satisfy the evidentiary and procedural requirements of asserting privilege, their privileges should be overruled, and this Court should order the immediate production of all documents responsive to Request For Production No. 57, and all other documents withheld by Plaintiff in reliance upon privilege.

### III. <u>Prayer</u>

For the foregoing reasons, Defendant respectfully requests that this Honorable Court issue an Order overruling Plaintiff and Third-Party Defendants' claims of privilege and compelling them to provide further documents responsive to Requests For Production.

                                      Respectfully Submitted,

                                      s/ Jennifer A. Kurle
Jennifer Kurle
KurleLaw, LLC
Ga. Bar No. 140812
One Decatur Town Center
150 E. Ponce de Leon Ave., Suite 225
Decatur, GA 30030
404-458-4080
E-mail: jen@kurlelaw.com

                                      **-and-**

/s/ Charles A. Moster
Charles A. Moster
Moster Law Firm
Texas Bar No. 00797782
4920 S. Loop 289
Lubbock, TX 79414
806-778-6486
E-mail: charlesalbertmoster@gmail.com

*Attorneys for Defendants*

## CERTIFICATION OF COMPLIANCE WITH TYPE LIMITATIONS

I do hereby certify that the above brief has been prepared with one of the font and point selections approved by the court in LR5.1C.

/s/ Charles A. Moster
Charles A. Moster
Attorney For Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Motion was served on the below listed party on Friday, March 18, 2016 via the ECF/Pacer electronic system:

Odis William Williams II
The Law Office of Odis Williams, P.C.

s/ Jennifer A. Kurle
Jennifer Kurle
Attorney For Defendants