UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LIFT MEDIA, LLC** § | Civil Action No. |
|    Plaintiff/Counterdefendant. § | 1:14-CV-3470-ODE |
| § | |
| v. § | |
| § | |
| **GREATER THAN GATSBY, LLC.** § | |
|    Defendant/Counterclaimant. § | |
| **GREATER THAN GATSBY, LLC** § | |
|    Defendant/Counterclaimant. § | |
| § | |
| v. § | |
| § | |
| **LIFT MEDIA, LLC** § | |
|    Plaintiff/Counterdefendant. § | |
| **GREATER THAN GATSBY, LLC** § | |
| Defendant/Third Party Plaintiff. § | |
| § | |
| v. § | |
| § | |
| **ANDREW EGENES &** § | |
| **ROBERT HASH JR.** § | |
|    Third Party Defendants. § | |

**MEMORANDUM AND POINTS OF AUHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS
TO PLAINTIFF'S CAUSES OF ACTION FOR COPYRIGHT
INFRINGEMENT AND UNJUST ENRICHMENT**

Defendant, Greater Than Gatsby, LLC (referred to herein as "GTG" or

"Gatsby"), respectfully submits this Memorandum in support of their Motion for

Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil

Procedure and Local Rule 56.1. In support of its motion, Defendant shows as follows:

## I. FACTUAL AND PROCEDURAL HISTORY

On or about September 27, 2014, Plaintiff and Defendant Gatsby entered into an agreement for the construction of a website for the benefit of Greater Than Gatsby, LLC. The interpretation of the nature of the agreement between the parties forms the cornerstone of this litigation.

Plaintiff previously asserted that the agreement between the parties was that of a joint venture agreement. In support of this belief, Plaintiff filed suit on October 28, 2014 requesting that this Court issue a judicial declaration as to each party's rights under the agreement. Plaintiff further pleaded several causes of action predicated upon the existence of a joint venture including, breach of the alleged joint venture agreement, anticipatory breach of the joint venture agreement, bad faith, and alter ego. *See Plaintiff's Original Complaint for Declaratory Relief and Damages, ECF No. 1*.

Conversely, Defendant has continually asserted that no such joint venture existed and that Lift Media, LLC was merely an independent contractor whose relationship with Greater Than Gatsby, LLC could be terminated at any time. *See*

*Defendant's Second Amended Counterclaim Against Plaintiff and Third Party Complaint Against Egenes & Hash, ECF No. 53*.

Based upon Plaintiff's errant assertion of joint venture, Defendant filed a Motion for Summary Judgment on May 15, 2015 seeking to show that there was no genuine issue of material fact as to the nonexistence of a joint venture. *See Defendants' Motion for Partial Summary Judgment, ECF No. 24*. In light of this Motion, Plaintiff amended its complaint to withdraw its claim of joint venture, and allege causes of action for declaratory judgment of copyright ownership, copyright infringement, misappropriation of trade secrets, unjust enrichment, abuse of process, and alter ego. *See Plaintiff's First Amended Complaint, ECF No. 35*.

Defendants subsequently filed a Motion to Dismiss under Rule 12(b)(6) challenging Plaintiff's First Amended Complaint. *See Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 34*. Upon consideration of Defendants' Motion, this Honorable Court dismissed Plaintiff's claims for misappropriation of trade secrets, abuse of process, and alter ego. *See Order, ECF No. 38*. This Order also explicitly dismissed all claims as to Defendants Does 1-10, and effectually dismissed all claims as to Defendant Josh Hohweiler as Mr. Hohweiler was only named in this suit through Plaintiff's dismissed alter ego claim.

Accordingly, Plaintiff currently has live claims against Greater Than Gatsby, LLC for 1) a declaratory judgment of copyright ownership, 2) copyright infringement, and 3) unjust enrichment.

Defendants' current counter-claims (and third party claims against third-party defendants Andrew Egenes and Robert Hash, Jr.) consist of claims for 1) breach of contract, 2) misrepresentation, 3) fraud, 4) fraud in the inducement, 5) unjust enrichment, and 6) declaratory judgment of copyright ownership. *See Defendant's Second Amended Counterclaim & Third Party Complaint, ECF No. 53*.

Defendant Greater Than Gatsby, LLC now seeks Summary Judgment in its favor as to Plaintiff's claims for copyright infringement and unjust enrichment.

## II.   ARGUMENTS AND AUTHORITIES

### A. Summary Judgment Standard

Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in

either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).

"If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

### B. Plaintiff's Claim for Copyright Infringement Fails

To establish copyright infringement, "two elements must be proven: 1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original." *Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*, 773 F. Supp. 2d 1288, 1301 (M.D. Fla. 2011) aff'd, 476 F. App'x 190 (11th Cir. 2012) (*citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).

Plaintiff's claim for infringement rests entirely upon its assertion that it was not fully compensated by Greater Than Gatsby, LLC for the use of the website and platform associated with the Copyright registered with the United States Copyright office as registration number TX 7-940-849. *See Plaintiff's First Amended Complaint, ECF No. 35* at 9-10.

However, Third-Party Defendant, Andrew Egenes attests in his sworn deposition that Greater Than Gatsby, LLC has made every attempt to fully compensate Plaintiff and Third-Party Defendants. Plaintiff has just refused to cash the checks in hopes of continuing its frivolous litigation against Defendant.

> "A.   So this - - this amended complaint was filed on June 22nd, 2015, so I believe that this particular cause of action is referring to the fact that from June 5th, 2015, until June 26, 2015, Greater Than Gatsby was using our e-commerce website and system, and to date we have received no compensation - -
> Q.   Okay.
> A.   - - for that whatsoever - -

Q.   Okay.
A.   - - not even for e-commerce consulting services - -
Q.   Okay, so - -
A.   - - that we - -
Q.   So sorry. I never learned this from - - meaning I don't mean to be interrupting.

   The - - okay. So if I understand the the copyright infringement damage component relates singularly to a period that would be June 5th through June 26th for which allegedly you all have not been paid yet, and that's what you mean by that infringement?
A.   Yes.
Q.   Okay.
A.   Yes.
Q.   Got it.

   And would that have been moneys that were - - sorry, would that have been an amount, Andrew, that was invoiced and not paid for?
A.   That was an amount that was invoiced for, so we did - -
Q.   Okay.
A.   - - Lift Media sent Greater Than Gatsby an invoice for services rendered during the month of June through and including June 25th, 2015.
Q.   And never received payment?
A.   We did receive payment, however, I recall during that period a dispute as to whether or not Greater Than Gatsby believed that Lift Media had in fact performed the services that Greater Than Gatsby was invoiced for, and so we were advised not to deposit that check until it could be determined whether or not - - until there was a meeting of the minds as to whether or not Lift Media performed the services.

>    Now I do also recall, I believe, that our attorney, Mr. Williams, sent - -
> Q. Again, I don't want to know what he's communicated.
> A. Okay. Yeah, I was going to reference communication to - - to Greater Than Gatsby.
> Q. Yeah. Thank you.
>
>    Okay. But you would agree, though, that Greater Than Gatsby did in fact tender payment.
> A. They did tender payment, yes.
> Q. Okay. And Greater Than Gatsby can't control whether you decide to deposit the check or not, is that not correct?
> A. That is correct.
>
> *See Deposition of Andrew Egenes* at pp. 161-163.

Indeed, sworn deposition testimony confirms that Plaintiff was compensated for the creation and use of the copyrighted material in question as a part of their "e-commerce consulting" services.

> "Q. Okay. What do you think you were paid for for the 600,000 or so that they paid you?
> A. Well, every invoice on it - -
> Q. Said - - I know.
> A. - - said e-commerce operations consulting, so I believe that he - -
> Q. What would that be?
> A. I believe we were paid to help him sell as many of his products as possible. He wanted to essentially outsource the operation of his business so that he could focus on creating digital products and taking photographs - -
> Q. Right.
> A. - - and he wanted somebody else to handle everything else.

8

> Q. But everything else would be designing the source code for Magento which is a complex platform, wouldn't you agree?
> A. He wanted to outsource - -
> Q. Right.
> A. - - all of his operations.
> Q. Right.
> A. So to operate a website, obviously you need a platform.
> Q. And you had a design - -
> A. So Lift Media - -
> Q. Right.
> A. - - built a platform - -
> Q. Right.
> A. - - so that we could - -
> Q. Uh-huh.
> A. - - provide e-commerce operations consulting."
>
> *See Deposition of Andrew Egenes* at pp. 184-185.

Here, there is no genuine issue of material fact as to whether Plaintiff was fully compensated for the use of the website and platform associated with the Copyright registered with the United States Copyright office as registration number TX 7-940-849. Plaintiff has been fully compensated by Defendant, and Plaintiff's machinations to continue their frivolous litigation by refusing to cash the final check must be rejected by this Court.

Accordingly, Defendant respectfully requests that this Court grant summary judgment in favor of Defendant as to Plaintiff's claim for copyright infringement.

***C. Plaintiff's Fail to Demonstrate a Claim for Unjust Enrichment***

"The theory of unjust enrichment is basically an equitable doctrine that the benefitted party equitably ought to either return or compensate for the conferred benefits ***when there was no legal contract to pay***." *Hollifield v. Monte Vista Biblical Gardens*, 251 Ga.App. 124, 130(2)(c), 553 S.E.2d 662 (Ga. 2001)(*emphasis added*).

Indeed, recovery for unjust enrichment is premised on the absence of a legal contract. *See Wachovia Ins. Servs., Inc. v. Fallon*, 299 Ga. App. 440, 449 (Ga. Ct. App. 2009) ("Unjust enrichment…applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit… which the benefitted party equitably ought to return or compensate for." (internal quotation marks and citation omitted)).

Here, while the parties dispute the terms of the agreement between the parties, there is no dispute as to whether an agreement actually existed. Sworn testimony and Plaintiff's pleadings conclusively negate the essential element of unjust enrichment, a benefit conferred ***when there was no legal contract to pay***.

Here, Plaintiff pleads that there was a legal contract between the parties. "On or about September 27, 2013, (the "Effective Date"), Plaintiff and Defendant Gatsby entered into an oral contract (the "Agreement") …" *See Plaintiff's First Amended Complaint, ECF No. 35* at 4. Deposition testimony affirms the existence

of the agreement between the parties, as well as the fact that Plaintiff was fully compensated for its services under that agreement.

> "Q.   Okay. What do you think you were paid for for the 600,000 or so that they paid you?
> A.    Well, every invoice on it - -
> Q.    Said - - I know.
> A.    - - said e-commerce operations consulting, so I believe that he - -
> Q.    What would that be?
> A.    I believe we were paid to help him sell as many of his products as possible. He wanted to essentially outsource the operation of his business so that he could focus on creating digital products and taking photographs - -
> Q.    Right.
> A.    - - and he wanted somebody else to handle everything else.
> Q.    But everything else would be designing the source code for Magento which is a complex platform, wouldn't you agree?
> A.    He wanted to outsource - -
> Q.    Right.
> A.    - - all of his operations.
> Q.    Right.
> A.    So to operate a website, obviously you need a platform.
> Q.    And you had a design - -
> A.    So Lift Media - -
> Q.    Right.
> A.    - - built a platform - -
> Q.    Right.
> A.    - - so that we could - -
> Q.    Uh-huh.
> A.    - - provide e-commerce operations consulting."
>           *See Deposition of Andrew Egenes* at pp. 184-185.

11

Mr. Egenes further details that the agreement was at-will and was properly terminated by Greater Than Gatsby in June of 2015.

> "Q. Okay. What is your recollection as to when there was a termination or a cessation of the relationship between your company and GTG?
> A. Are you asking me the date that I believe the relation – Lift Media's relationship with Greater Than Gatsby was terminated?
> Q. Yes.
> A. I would have to say - - I can say that Lift Media received notice of termination from Greater Than Gatsby on I believe June 26th, 2015."
>
> *See Deposition of Andrew Egenes* at pp. 124.

Again, while the parties dispute the terms of the agreement between the parties, there is no dispute as to whether an agreement actually existed. That agreement between the parties conclusively negates an essential element of Plaintiff's claim for unjust enrichment. There can be no unjust enrichment when there was a legal contract. *See Wachovia* at 449.   Accordingly, Defendant respectfully requests that this Court grant summary judgment in favor of Defendant as to Plaintiff's claim for unjust enrichment.

### III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion for Partial Summary Judgment and dismiss the claims

filed by Plaintiff Lift Media, LLC. ("Plaintiff") with prejudice and without leave to amend.

Respectfully submitted, this 13th day of April 2016.

s/ Jennifer A. Kurle
Jennifer Kurle
KurleLaw, LLC
Ga. Bar No. 140812
309 Sycamore St.
Decatur, GA 30030
Tel. (404) 458-4080
Fas. (678) 550-6365
E-mail: jen@kurlelaw.com

**-and-**

s/ Charles A. Moster
Charles A. Moster
Moster Law Firm
Texas Bar No. 00797782
4920 S. Loop 289
Lubbock, TX 79414
Tel. (806) 778-6486
Fas. (866) 302-7046
E-mail: charlesalbertmoster@gmail.com

*Attorneys for Defendants*